**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ospen John Andrews,<br>Plaintiff,<br>v.<br>Hunt, *et al.*,<br>Defendants. | No. CIV 24-584-TUC-CKJ<br>**ORDER** |

Pending before the Court is the Motion for Assistance to Help Find Perko (Doc. 59) filed by Plaintiff Ospen John Andrews ("Andrews"). Andrews requests the Court or defense counsel provide further assistance based on information Perko went AWOL from the military or by using a phone number or a welfare check.

As summarized by another court,

> While the Court has a duty to construe the filings of a pro se litigant liberally, it does not act as his attorney and cannot make decisions on his behalf regarding how his case should proceed. [I]t is [the plaintiff's] responsibility once the initial service attempt proved unsuccessful to file a motion identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.

*Zarate v. Pruitt*, No. 222CV01449APGNJK, 2023 WL 8481355, at *1 (D. Nev. Dec. 7, 2023), *quotation omitted*. In *Zarate*, the Court denied movant's request for the Court or the U.S. Marshal Service "to find new addresses by investigating tax records[.]" *Id.*

The Court finds this is comparable to Andrews' request for an investigation of military records to ascertain Perko's address. The Court is "not required to act as an investigative body in ascertaining a correct address for a defendant." *Long v. Gray*, No. CV2000097PHXSMBCDB, 2021 WL 2270019, at *2 (D. Ariz. Apr. 28, 2021), *report and*

*recommendation adopted sub nom*. *Long v. Gray*, No. CV2000097PHXSMBCDB, 2021 WL 2262543 (D. Ariz. June 3, 2021), *citation omitted*. Indeed, the *Long* court stated:

> Neither the Court nor the Marshal is required to further investigate Gray's whereabouts. The District Court judges of the United States District Court for the District of Arizona have concluded that "neither the [USMS] nor the Court may engage in investigatory efforts on behalf of the parties to a lawsuit as this would improperly place the Court in the role of an advocate." *E.g. DeRoche v. Funkhouser*, 2008 WL 42277659, at *1 (D. Ariz. 2008), *citing Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that the Court should not assume the role of advocate for a pro se litigant). *See also Pember v. Ryan*, 2014 W L 3397735, at *2-3 (D. Ariz. 2014); *Allen v. Unknown Party*, 2014 WL 4980857, at *4 (D. Ariz. 2014); *Johnson v. Clark*, 2013 WL 646022, at *5 (D. Ariz. 2013); *Ramirez v. Denver Health Med. Ctr.*, 2006 WL 2527965, at *3 (D. Colo. 2006). The United States Supreme Court has made clear that federal "judges have no obligation to act as counsel or paralegal to pro se litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). As an impartial decision maker, it is not a federal judge's role or responsibility to investigate a defendant's whereabouts so a plaintiff may serve process. This degree of involvement "would undermine [trial] judges' role as impartial decision makers." *Id*. If the Court is satisfied that the Marshals have fulfilled their obligation to search for a viable address where a defendant can be served, such as by securing the last known address from the employer at the time of the incident giving rise to the claim, then it acts within its discretion to dismiss the action against a defendant under Rule 4(m). *See* Fed. R. Civ. P. 4(m) (the court "must extend the time for service for an appropriate period" (emphasis added)). *See Penton v. Pool*, 724 F. App'x 546, 551 (9th Cir. 2018).

*Id*. at *2. The Court finds investigation into Perko's military record, by either the Court or the U.S. Marshal Service, is not appropriate. Furthermore, the Court is not aware of any authority that supports directing defense counsel to investigate Perko's military record in an attempt to ascertain a potential address for service of process.

As to Andrews' request for a welfare check by the U.S. Marshal or the Tucson Police Department, Andrews does not point to any address at which the U.S. Marshal Service or the Tucson Police Department could perform a welfare check. When "a plaintiff does not have a defendant's full name or current address, he must pursue other means of obtaining that information." *Johnson v. Villar*, No. 3:25-CV-00052-SLG, 2025 WL 2207479, at *3 (D. Alaska Aug. 4, 2025). An affirmative investigation by the Court or U.S. Marshal Service is not appropriate.

Lastly, as to Andrews' request for the use of a phone number in an attempt to locate Perko, the Court is aware the U.S. Marshal Service has attempted the use of a phone number

obtained from another state corrections agency to contact a defendant. *See Vaughn v. Wegman*, No. 115CV01902LJOJLTPC, 2018 WL 1693447, at *1 (E.D. Cal. Apr. 6, 2018) (denying use of taxpayer funds to hire a private investigator to locate a defendant); *see also Stephenson v. Clancy*, No. 2:25-CV-00936-CMR, 2025 WL 3126935, at *1 (D. Utah Nov. 7, 2025) (attempted to complete service with use of emails and telephone numbers). The Court finds it appropriate to direct defense counsel to file a notice under seal with Perko's last-known email addresses, telephone numbers, and social media accounts.

Accordingly, IT IS ORDERED:

1. The Motion for Assistance to Help Find Perko (Doc. 59) is GRANTED IN PART AND DENIED IN PART.

2. Within ten (10) days of the date of this Order, counsel for Defendant Hunt must file a notice under seal with Defendant Perco's last-known email addresses, telephone numbers, and social media accounts. Alternatively, counsel for Defendant Hunt may file (1) a notice indicating she will accept service on behalf of Defendant Perko or (2) a notice advising the Court why she is unable to provide the information.

3. If counsel for Defendant Hunt files under seal the last known email addresses, telephone numbers, and/or social media accounts of Defendant Perko, the Clerk of Court must prepare a service packet for Defendant Perko and forward it to the United States Marshal Service for personal service pursuant to Federal Rule of Civil Procedure 4(e)(2).

4. Except for disclosure to the United States Marshal Service, any email addresses, telephone numbers, or social media accounts provided pursuant to this Order must be kept confidential and any documents relating to service must be filed under seal.

5. A copy of this Order shall be sent to the United States Marshal Service.

. . . . .

. . . . .

. . . . .

. . . . .

6. If Andrews does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant on or before December 18, 2026, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

DATED this 25th day of September, 2026.

Cindy K. Jorgenson
United States District Judge